HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SIGNE BERGMAN,

        Plaintiff,

    v.

IVAN MOTO,

        Defendants.

CASE NO. 22-cv-00161-RAJ

**ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT AND DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

**I.    BACKGROUND**

This matter comes before the Court on Plaintiff's Motion for Default Judgment and Defendant's Amended Motion to Set Aside Default. Dkt. ## 10, 13. For the reasons below, the Court **GRANTS** Defendant's Motion and **DENIES** Plaintiff's Motion.

Plaintiff Signe Bergman filed this action against Defendant Ivan Moto on February 9, 2022. Dkt. # 1. On March 23, 2022, Plaintiff filed a motion for default. Dkt. # 6. On March 27, 2022, the Court granted Plaintiff's motion and entered default. Dkt. # 8. One month later, on April 27, 2022, Plaintiff then moved for entry of default judgment. Dkt. # 10. Defendant's counsel appeared that same day, and on the following day moved to set aside default. Dkt. ## 12, 13.

## II. DISCUSSION

Fed. R. Civ. P. 55(c) permits a district court to set aside an entry of default for good cause. The Court's discretion is especially broad where it is entry of default rather than default judgment that is being set aside. *Mendoza v. Wight Vineyard Management*, 783 F.2d 941, 945 (9th Cir. 1986). The Court's decision whether to set aside a default is not an abuse of discretion unless it is clearly wrong in its determination of good cause. *Id*. To determine "good cause," a court must "consider[ ] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice" the other party. *US v. Signed Personal check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).

Any doubt should be resolved in favor of deciding a case on the merits where timely relief from default is sought and the movant has a meritorious defense. *Id*. The movant bears the burden of proving the existence of a meritorious defense and must present more than mere legal conclusions, general denials, or a simple assertion that he has a meritorious defense. *See Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988). However, the movant's factual allegations will be accepted as true for the purpose of setting aside default. *See id*.

### A. Culpability of Defendant's Conduct

Where a defendant's neglect is inexcusable, his conduct is culpable. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 698 (9th Cir. 2001). Courts have found excusable neglect where extenuating circumstances, such as family emergencies or serious illness, have prevented a party from timely responding. *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1224-25 (9th Cir. 2000); *In re Sheehan*, 253 F.3d 507, 514 (9th Cir. 2001).

Defendant indicates that a member of her clerical staff became sick with Covid-19 and failed to file a notice of appearance shortly after the Complaint was served. Dkt. # 13

at 2. Although counsel was aware of the complaint, Defendant missed the deadline to file a responsive pleading due to a calendaring mistake. *Id.* Counsel's proffered explanation of an inadvertent error in calendaring the response deadline is consistent with the fact that Defendant promptly appeared and filed a motion to set aside the clerk's entry of default after realizing the error. The Court cannot conclude that Defendant's failure to answer the Complaint amounts to culpable conduct. *See O'Connor v. State of Nev.*, 27 F.3d 357, 364 (9th Cir. 1994), *as amended* (July 1, 1994), *as amended* (July 12, 1994) (affirming district court's decision to set aside the entry of default where defendant was "misguided" about the filing deadline).

Plaintiff insists that counsel's calendaring error is not excusable. Dkt. # 15 at 5-6 (citing cases). However, such a view would be inconsistent with *Mesle*'s requirement that "there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." 615 F.3d at 1093. While intentionality *may* be presumed with sophisticated parties, such as legal counsel, there is no evidence here that Defendant sought to "take advantage" of Plaintiff, or otherwise "manipulate the legal process." *Id.*

### B.      Meritorious Defense

A party seeking to set aside the entry of default must allege sufficient facts that, if true, would constitute a defense. *Mesle*, 615 F.3d at 1094 (citing *TCI Group*, 244 F.3d at 700). This burden is "not extraordinarily heavy." *TCI Group*, 244 F.3d at 700.

The Court finds that Defendant has met this burden. Plaintiff brings tort claims against Defendant for assault and battery. *See* Dkt. # 1. In support of the motion to set aside default, Defendant has provided a declaration in which denies the allegations against him, claiming that he never abused Plaintiff during their relationship and Plaintiff never once expressed being abused during their relationship. *See* Dkt. # 17-1. He also alleges that he and Plaintiff continued to have good relations after their relationship and that she never raised any issues regarding abuse until nearly a year after their separation. *Id.* These facts are enough to constitute a defense. *Mesle*, 615 F.3d at 1094.

### C. Prejudice

To constitute prejudice, the harm that would result from setting aside the entry of default must be something more than delay or the costs associated with the litigation itself. *TCI Group*, 244 F.3d at 701. Merely "being forced to litigate on the merits" is not considered prejudice. *Id*. Examples of prejudice include "loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id*. (internal quotation marks and citation omitted).

The Court cannot conclude any prejudice to Plaintiff. No trial date has been set, nor has any discovery been produced in this action. Simply put, there is no showing that granting Defendant's motion would result in greater harm than simply delaying resolution of the case.

In sum, Defendant has shown that all three of the above factors support a finding a good cause to set aside the entry of default. Therefore, Defendant's Motion to set aside the entry of default is **GRANTED.** Dkt. # 13. Because the Court grants Defendant's Motion, Plaintiff's Motion for Default Judgment is **DENIED**. Dkt. # 10.

Dated this 28th day of October, 2022.

The Honorable Richard A. Jones
United States District Judge