HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SIGNE BERGMAN,

           Plaintiff,

v.

IVAN MOTO,

           Defendant.

CASE NO. C22-cv-00161-RAJ

ORDER

**I.     BACKGROUND**

This matter comes before the Court on Plaintiff's Motion to Vacate Order Granting Defendant's Motion to Set Aside Entry of Default. Dkt. # 29. For the reasons below, the Court **DENIES** the Motion.

**II.    DISCUSSION**

Plaintiff contends that Defendant obtained the order setting aside the default through fraud. Dkt. # 29 at 3. Namely, Plaintiff contends that Defendant does not have a "meritorious defense" based on testimony given in a separate proceeding between the parties. *Id.*

In showing good cause, a party seeking to set aside the entry of default must allege sufficient facts that, *if true*, would constitute a defense. *US v. Signed Personal check No.*

*730 of Yubran S. Mesle,* 615 F.3d 1085, 1091 (9th Cir. 2010). This burden is "not extraordinarily heavy." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 700 (9th Cir. 2001). Plaintiff brings tort claims against Defendant for assault and battery. *See* Dkt. # 1. In support of the motion to set aside default, Defendant provided a declaration in which denies the allegations against him, claiming that he never abused Plaintiff during their relationship and Plaintiff never once expressed being abused during their relationship. *See* Dkt. # 17-1. He also alleges that he and Plaintiff continued to have good relations after their relationship ended and that she never raised any issues regarding abuse until nearly a year later. *Id.* These facts are enough to constitute a defense. *Mesle*, 615 F.3d at 1094. Furthermore, case law requires that the movant's factual allegations be accepted as true for the purpose of setting aside default. *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988). The allegations set forth by Plaintiff's Motion, that some of Defendant's statements are actually untrue, are insufficient to show that he sought to set aside the default through fraud. For that reason, the Court will deny Plaintiff's motion to vacate the prior order.

### III.  CONCLUSION

Accordingly, the Court **DENIES** the Motion. Dkt. # 29.

Dated this 23rd day of May, 2023.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge