HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SIGNE BERGMAN,

                  Plaintiff,

    v.

IVAN MOTO,

                  Defendants.

CASE NO. 22-cv-00161-RAJ

**ORDER GRANTING
PLAINTIFF'S MOTION TO
DISMISS**

## I.    INTRODUCTION

This matter comes before the Court on Plaintiff's Motion to Dismiss. Dkt. # 23. For the reasons below, the Court **GRANTS** Plaintiff's Motion.

## II.    DISCUSSION

Plaintiff brings tort claims against Defendant for assault and battery. *See* Dkt. # 1. Defendant has counterclaimed for defamation and intentional infliction of emotional distress. Dkt. # 22. Specifically, Defendant alleges that Plaintiff's "extreme and outrageous conduct" consisting of falsely reporting sexual assault to the police inflicted emotional distress. Defendant also sues for defamation. Plaintiff moves for dismissal for failure to state a claim.

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint for failure to state a

1  claim.  The rule requires the court to assume the truth of the complaint's factual

2  allegations and credit all reasonable inferences arising from those allegations.  *Sanders v.*

3  *Brown*, 504 F.3d 903, 910 (9th Cir. 2007).  A court "need not accept as true conclusory

4  allegations that are contradicted by documents referred to in the complaint." *Manzarek v.*

5  *St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  The plaintiff must

6  point to factual allegations that "state a claim to relief that is plausible on its face." *Bell*

7  *Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).  If the plaintiff succeeds, the complaint

8  avoids dismissal if there is "any set of facts consistent with the allegations in the

9  complaint" that would entitle the plaintiff to relief.  *Id*. at 563; *Ashcroft v. Iqbal*, 556 U.S.

10  662, 679 (2009).

11         A court typically cannot consider evidence beyond the four corners of the

12  complaint, although it may rely on a document to which the complaint refers if the

13  document is central to the party's claims and its authenticity is not in question.  *Marder v.*

14  *Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).  A court may also consider evidence subject to

15  judicial notice.  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

16         **A.      Defamation**

17         The elements of a cause of action for defamation in Washington are (1) a false

18  statement; (2) lack of privilege; (3) fault; and (4) damages. *Herron v. KING Broadcasting*

19  *Co.*, 112 Wash.2d 762, 768, 776 P.2d 98 (1989). Here, the allegations of defamation are

20  largely conclusory, namely that Plaintiff made false statements that the Defendant abused

21  and assaulted her to police. Dkt. # 22 at 7.

22         Under RCW 4.24.510, a person who communicates a complaint or information to

23  any branch of government is immune from civil liability for claims based on the

24  communication. Washington state and federal courts have affirmed that the statute

25  provides immunity when persons report information to the police. *DiBiasi v. Starbucks*

26  *Corp.,* No. 10-35213, 414 Fed. Appx. 948 (Mem) (9th Cir. 2011) (employee complaint to

27  police regarding customer behavior was a matter of concern to the police); *Cornu-Labat*

1  *v. Merred*, No. 13-35158, 580 Fed. Appx. 557 (Mem) (9th Cir. 2014) (call to law

2  enforcement was protected from liability).

3        Further, even if Defendant had shown a defamation claim, he alleges only

4  conclusory allegations related to his damages. He fails to provide any specific facts to

5  show that any entity took adverse action against him because of the alleged false

6  statement. As such, Plaintiff fails to allege facts sufficient to meet the damages element

7  of a defamation claim. As requested, the Court permits leave to file a counterclaim for

8  abuse of process. Dkt. # 25 at 5.

9        **B.**    **Intentional Infliction of Emotional Distress**

10        To prove outrage or intentional infliction of emotional distress, a complainant

11  must establish the following elements: (1) extreme and outrageous conduct, (2)

12  intentional or reckless infliction of emotional distress, and (3) the actual result of severe

13  emotional distress to the plaintiff. *Kloepfel v. Bokor*, 149 Wn.2d 192, 195, 66 P.3d 630

14  (2003).

15        The Court will also dismiss this claim. Washington courts have stated that seeking

16  legal process, even with malicious intent, was not "so outrageous in character, [and] so

17  extreme in degree, as to go beyond all possible bounds of decency," and thus fails to

18  claim for intentional infliction of emotional distress. *Saldviar v. Momah*, 145 Wash.App.

19  365, 390 (2008) (filing suit alleging sexual abuse by a physician, even under false

20  pretenses, did not state claim for outrage). Accordingly, Defendant fails to state a claim

21  for intentional infliction of emotional distress.

22  **III.**   **CONCLUSION**

23        For the reasons above, the Court **GRANTS** Plaintiff's Motion to Dismiss.

24  Defendant may file a First Amended Counterclaim within fourteen (14) days of the entry

25  of this Order.

26

27

1    Dated this 28th day of June, 2023.

2

3

4                                                        _____

5                                                 The Honorable Richard A. Jones
                                                United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS- 4