UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SIGNE BERGMAN, | CASE NO. C22-0161-KKE |
| Plaintiff(s), | ORDER DENYING PENDING MOTIONS |
| v. | |
| IVAN MOTO, | |
| Defendant(s). | |

This matter comes before the Court on six motions: Plaintiff Signe Bergman's Motion to Compel Discovery (Dkt. No. 38), Defendant Ivan Moto's Motion to Continue Trial Date and Discovery Deadlines (Dkt. No. 40), Bergman's Motion to Quash Subpoenas (Dkt. No. 43), Bergman's Motion for Partial Summary Judgment (Dkt. No. 64), Bergman's Motion to Enforce Settlement (Dkt. No. 68), and Bergman's Motion to Seal and for Sanctions (Dkt. No. 76). For the reasons below, each of these motions is denied.

### I. FACTS

The parties appeared before this Court on October 10, 2023, for oral argument on Bergman's Motion to Compel, Bergman's Motion to Quash, and Moto's Motion to Continue. *See* Dkt. No. 60. At the request of the parties, the Court referred the matter to mediation. *Id.* The parties engaged in mediation before Magistrate Judge Theresa Fricke on November 8, 2023. Dkt. No. 67. The same day, the parties signed a Settlement Agreement. Dkt. No. 69-1. The Settlement

Agreement directed Moto to pay $14,828.67 to Western Washington Law Group, PLLC by "Friday, November 9, 2023"[1] ("WWLG Judgment"), and $175,000 to Bergman by December 13, 2023 ("Bergman Payment"). *Id.* ¶¶ 2–3. Bergman moved to enforce the Settlement Agreement on November 28, 2023. Dkt. No. 68.

While both parties blame the other for difficulties encountered in making the required payments on time, it is undisputed that Moto paid the WWLG Judgment on November 29, 2023 (Dkt. No. 75 at 40), and the added interest demanded by WWLG on November 30, 2023. *Id.* at 47. Moto then remitted the Bergman Payment on December 1, 2023, two weeks in advance of its due date under the Settlement Agreement. *Id*. at 55.

## II.  ANALYSIS

### A.  Most of the Pending Motions are Denied as Moot.

It is undisputed that the parties have entered the Settlement Agreement and that the principal amounts due under that agreement have been paid. Dkt. No. 73 at 4–5. Accordingly, Bergman's Motion to Compel Discovery (Dkt. No. 38), Moto's Motion to Continue Trial Date and Discovery Deadlines (Dkt. No. 40), Bergman's Motion to Quash Subpoenas (Dkt. No. 43), Bergman's Motion for Partial Summary Judgment (Dkt. No. 64), and Bergman's Motion to Enforce the Settlement Agreement (Dkt. No. 68) are denied as moot.

### B.  The Motions for Fees and Sanctions are Denied.

The only issue remaining for the Court is the parties' requests for attorney's fees related to Bergman's Motion to Enforce (Dkt. No. 68) and Bergman's Motion to Seal and for Sanctions (Dkt. No. 76). Both parties claim they are entitled to fees due to the other party's unnecessary motions practice.

---

[1] November 9, 2023 was a Thursday.

ORDER DENYING PENDING MOTIONS - 2

Moto argues that Bergman's Motion to Enforce was premature and unnecessary; while Bergman argues that Moto's delay in making the initial payment violated the Agreement such that the motion was warranted. The Settlement Agreement directs that the "prevailing party" in "any proceeding to enforce" the Agreement will be entitled to attorney's fees and costs. Dkt. No. 69-1 ¶ 7. Because the motion is denied as moot, there is no prevailing party. Neither party is entitled to attorney's fees under the Settlement Agreement.

Bergman also seeks sanctions in the form of costs and fees associated with bringing the Motion to Seal and for Sanctions because Moto violated Local Civil Rule 5.2(a) by including Bergman's law firm's financial information on the public docket.[2] Dkt. No. 76. As Moto points out, had Bergman's counsel simply contacted Moto's counsel after discovering the unredacted account information, the error could have been corrected without copious motions practice. Dkt. No. 83 at 2. Instead, Bergman waited a full week, and then filed a Motion to Seal and for Sanctions noted for three weeks out. Dkt. No. 76. Though the Court granted the Motion to Seal, Bergman's course of action was clearly more concerned with seeking sanctions for the error than timely rectifying it. Bergman's Motion for Sanctions (Dkt. No. 76) is denied.

To that end, the Court observes that neither party in this action has been a model of compliance with the Local Rules. To the contrary, Bergman has repeatedly filed briefs that far exceed the maximum word limit set forth in Local Civil Rule 7(e)(4) without seeking leave to do so. *See*, *e.g.*, Dkt. Nos. 78 & 84. Likewise, Moto was ordered to re-file a redacted copy of the declaration of Kaye Cole (Dkt. No. 74) by January 8, 2024, after the Court granted the Motion to Seal. Dkt. No. 82. To date, Moto has not complied with the Court's order. Failure to comply

---

[2] The Court has now also administratively sealed Moto's declaration (Dkt. No. 75) because the Court discovered this filing also contains Bergman's law firm's unredacted financial account number, as well as Moto's driver's license number. *Id.* at 55. Neither party brought this error to the Court's attention.

ORDER DENYING PENDING MOTIONS - 3

with the Local Rules and this Court's orders needlessly complicates the fair administration of justice and wastes scarce judicial resources. While the Court declines to impose sanctions for any of the multiple rule violations occasioned by either side, the parties are admonished that future violations will not be excused.

### III.  CONCLUSION

For the reasons stated above, the Court DENIES[3] the motions pending in this case. Dkt. Nos. 38, 40, 43, 64, 68, 76.

Because this Order disposes of all pending motions, it obviates the need for the hearing previously set for January 25, 2024. As a result, the hearing (Dkt. No. 81) is STRICKEN.

In addition, Moto is ORDERED to file appropriately redacted versions of the sealed declarations discussed *supra* (Dkt. Nos. 74 & 75) no later than January 22, 2024. Failure to comply with this Order will result in sanctions.

In light of the Court's resolution of all pending motions and the parties' Settlement Agreement, it is the Court's view that this case is ripe for dismissal and closure. That said, if either party believes that any issues remain for the Court's adjudication, the parties are ORDERED to file a joint status report setting forth any outstanding issues by no later than January 25, 2024. If the parties agree that no disputes remain, the parties are ORDERED to file dismissal pleadings in accordance with their Settlement Agreement no later than January 25, 2024.

Dated this 18th day of January, 2024.

*Kymberly K. Evanson*
Kymberly K. Evanson
United States District Judge

---

[3] The Court previously granted in part Bergman's Motion to Seal and for Sanctions (Dkt. No. 76), ordering that the confidential material be sealed. Dkt. No. 82. The Court reserved ruling on the sanctions issue. *Id*. Thus, to the extent reserved, this motion (Dkt. No. 76) is now denied.